IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | § <br> § <br> §    **Joint Administration Requested** <br> § <br> §    **Under Case No. (24-31133-11)** <br> §         **(Subchapter V)** |
| **DAY ONE DISTRIBUTION LLC,** *et al.* | |
| Debtors.[1] | |

**EMERGENCY MOTION OF DAY ONE DISTRIBUTION LLC *ET AL.* FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
>
> **\*\* EMERGENCY RELIEF HAS BEEN REQUESTED WITHIN 48 HOURS. YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE OR APPEAR AT THE SCHEDULED HEARING.**

Day One Distribution LLC ("**DOD Debtor**") and its debtor affiliate Zero Day Nutrition Company ("**ZD Debtor**") (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, respectfully state the following in support of this motion ("**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Day One Distribution, LLC (1125), Case No. 24-31133 and Zero Day Nutrition Company f/k/a GB Nutrition Company (7108), Case No. 24-31134. The location of the Debtors' service address is 12502 Exchange Dr., Suite 448, Stafford, TX 77477.

**Relief Requested & Basis of Emergency**

1. The Debtors seek entry of an order, substantially in the form filed contemporaneously herewith directing procedural consolidation and joint administration of these chapter 11 cases. The Debtors request that one file and one docket be maintained for both of the jointly administered cases under the bankruptcy case filed by Zero Day Nutrition Company and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re**:<br><br>**DAY ONE DISTRIBUTION LLC,** *et al.*<br><br>Debtors.[1] | §<br>§<br>§ **Jointly Administered**<br>§<br>§ **Under Case No. (24-31133-11)**<br>§ **(Subchapter V)** |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Debtors are affiliated entities. ZD Debtor is wholly owned by Michael L. Bischoff, Jr.. ZD Debtor is the majority interest holder of DOD Debtor. Both Debtors share common office space and have common creditors.

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of Debtor Zero Day Nutrition Company to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Day One Distribution, LLC (1125), Case No. 24-31133 and Zero Day Nutrition Company f/k/a GB Nutrition Company (7108), Case No. 24-31134. The location of the Debtors' service address is 12502 Exchange Dr., Suite 448, Stafford, TX 77477.

2

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: DAY ONE DISTRIBUTION LLC, Case No. 24-31133 and ZERO DAY NUTRITION COMPANY, Case No. 24-31134. The docket in Case No. 24-31133 should be consulted for all matters affecting these cases.

5.  Emergency consideration of this motion is requested. The Debtors believe that joint administration of these chapter 11 cases is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. The failure to receive the relief requested in this Motion on an emergency basis would place an undue burden on the administration of the other relief requested by the Debtors on an emergency basis contemporaneously herewith. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Jurisdiction and Venue

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.  The statutory bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas ("Local Bankruptcy Rules").

## Basis for Relief

9.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor

entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

10. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections and will result in the appointment of a single Subchapter V Trustee to monitor these cases. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

12. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Subchapter V Trustee; (d) the United States Attorney's Office for the Southern District of Texas; (e) Texas Comptroller of Public Accounts (f) the Internal Revenue Service; (g) the Environmental Protection Agency; (h) the

office of the attorneys general for the states in which the Debtors operate; a n d (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

13. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: March 14, 2024

Respectfully submitted,

**HASELDEN FARROW PLLC**
/s/ Melissa A. Haselden
By: _____
MELISSA A. HASELDEN
State Bar No. 00794778
700 Milam, Suite 1300
Pennzoil Place
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
Email: mhaselden@haseldenfarrow.com
PROPOSED ATTORNEYS FOR DEBTORS and
DEBTORS IN POSSESSION

**HASELDEN FARROW PLLC**
Elyse M. Farrow
State Bar No. 24062719
700 Milam, Suite 1300
Pennzoil Place
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
Email: efarrow@haseldenfarrow.com
PROPOSED ATTORNEYS FOR DEBTORS and
DEBTORS IN POSSESSION

## **CERTIFICATE OF SERVICE**

      I certify that on March 14, 2024 a copy of the *Debtors' Emergency Motion for Entry of an Order Directing Joint Administration of Cases* was served on the parties identified below through the Court's BK/ECF filing system.  A separate declaration evidencing service on all other parties in interest by First Class US Mail, post prepaid, will be filed separately.

                                          */s/ Melissa A. Haselden*
                                          MELISSA A. HASELDEN